FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 12, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TODD F., <br><br> Plaintiff, <br><br> -vs- <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security <br><br> Defendant. | No.   2:22-CV-00179-WFN <br><br> ORDER |

Todd F. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for disability benefits. ECF No. 1. Attorney Eitan Kassel Yanich represents Plaintiff. Special Assistant United States Attorney Shata L. Stucky represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **AFFIRMS** the Commissioner's final decision.

## JURISDICTION

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on June 19, 2020, alleging disability beginning on January 31, 2020, due to mental impairments. Tr. 13, 17–18. The applications were denied initially, Tr. 61–98, and on reconsideration, Tr. 101–36. Administrative Law Judge [ALJ] Cecilia LaCara held a hearing on December 6, 2021, Tr. 29–58, and issued an unfavorable decision on February 11, 2022, Tr. 13–23. The Appeals Council denied review on November 8, 2019. Tr. 152–65. The ALJ's February 2022 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 28, 2022. ECF No. 1.

ORDER - 1

## FACTS

Plaintiff was born in 1971 and was forty-eight years of age as of his alleged onset date. Tr. 31, 33. He completed high school and some college. Tr. 37–38. Plaintiff has past work as a production assembler, screen printer, and rope-laying machine operator. Tr. 21, 54. He alleges disability from chronic depression, suicidal ideation, posttraumatic stress disorder, agoraphobia, anxiety, panic attacks, poor memory, and confusion. Tr. 17.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

ORDER - 2

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, he will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On February 11, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 13–23.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 15.

At step two, the ALJ determined Plaintiff had the following severe impairments: depressive disorder, anxiety disorder, posttraumatic stress disorder, and substance abuse. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 16–17.

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found that Plaintiff could

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to simple, routine and repetitive tasks; he is limited to work with no assembly line highly paced work; he is limited to

ORDER - 3

no interaction with the public; he is limited to occasional interaction with coworkers but no tandem tasks; and he is limited to occasional supervision. Tr. 17.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 21.

At step five, the ALJ found, based on the vocational expert's testimony, and considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 21. She specifically identified the representative occupations of hand packager, cleaner, and meat clerk. Tr. 22.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 23.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly evaluating medical opinion evidence, (2) rejecting Plaintiff's symptom testimony for reasons that are not clear and convincing, and (3) improperly assessing Plaintiff's RFC.

## DISCUSSION

**(1) Medical Evidence**

Plaintiff alleges the ALJ erred by improperly evaluating the opinion of Ryan Marendiuk, P.M.H.N.P. ECF No. 11 at 3–9.

The ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors [such as the source's familiarity with other

evidence in the file or an understanding of Social Security's disability program]. *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how she considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

(2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

Mr. Marendiuk examined Plaintiff on January 9, 2021. Tr. 594–603. Mr. Marendiuk opined that Plaintiff's "ability to interact with coworkers and superiors and the public and adapt to the usual stresses encountered in the workplace is poor, based on his ability to communicate with others and history of social conflicts." Tr. 602. In support of his opinion, Mr. Marendiuk wrote: "The claimant identified experiencing several altercations with co-workers and supervisors." *Id.* Mr. Marendiuk explained that when he described Plaintiff's

ability to interact with others as "poor," he meant that "[t]here is serious limitation in this area . . . [and] a substantial loss of the ability to effectively function." *Id.*

The ALJ found Mr. Marendiuk's opinion persuasive but did not specifically discuss Mr. Marendiuk's statement that Plaintiff's ability to interact with others in the workplace is poor. Tr. 20–21.

Plaintiff argues this was error. ECF No. 11 at 3–9. According to Plaintiff, the ALJ effectively rejected Mr. Marendiuk's opinion because the RFC does not actually incorporate Mr. Marendiuk's opined social limitations. *Id.*

The Court disagrees. "[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Here, the ALJ accepted Mr. Marendiuk's opinion and incorporated his social limitations into the RFC by limiting Plaintiff to "simple, routine and repetitive tasks," "no assembly line high paced work," "no interaction with the public," "occasional interaction with coworkers," "no tandem tasks," and "occasional supervision." Tr. 17. Carol Moore, Ph.D., and Bruce Eather, Ph.D, agreed with the ALJ's interpretation. *See* Tr. 73–76, 92–96. Like the ALJ, Dr. Moore and Dr. Eather both credited Mr. Marendiuk's opinion. Tr. 73, 92. And neither Dr. Moore nor Dr. Eather opined Plaintiff had any social limitations beyond those assessed by the ALJ.[1] *See* Tr. 73–76, 92–95. Plaintiff argues the ALJ's RFC does not capture the full extent of the limitation opined by Mr. Marendiuk and cites other evidence in the record that could support Plaintiff's interpretation of Mr. Marendiuk's opinion. ECF No. 11 at 3–8; ECF No. 15 at 2–6. But even if Plaintiff's interpretation of Mr. Marendiuk's

---

[1] In his reply Plaintiff argues, alternatively, that the ALJ's RFC also failed to account for the limitations opined by Dr. Moore and Dr. Eather. *See* ECF No. 15 at 4. Because Plaintiff raises this issue for the first time in his reply, *see* ECF No. 11, the argument is waived. *See, e.g.*, *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009). Besides, the Court would affirm the ALJ's interpretation of Dr. Moore's opinion and Dr. Eather's opinion for the same reasons it affirms the ALJ's interpretation of Mr. Marendiuk's opinion.

ORDER - 6

opinion is also reasonable, that does not mean the ALJ was bound to accept it. *See Tackett*, 180 F.3d at 1097–98. The ALJ's interpretation of Mr. Marendiuk's opinion is reasonable, sufficiently explained, and supported by the opinions of two doctors. The Court must affirm it. *See Tackett*, 180 F.3d at 1097–98.

Plaintiff also argues the ALJ should have rejected Dr. Moore's opinion and Dr. Eather's opinion. First, Plaintiff argues the Court should reject Dr. Moore's opinion and Dr. Eather's opinion because they were both inconsistent with Mr. Marendiuk's opinion. ECF No. 11 at 8–9. But the ALJ found Mr. Marendiuk's opinion was consistent with the opinions of Dr. Moore and Dr. Eather, Tr. 20–21, and, as explained above, this was not error. Next, Plaintiff argues the ALJ should have rejected Dr. Moore's opinion and Dr. Eather's opinion because neither of them examined Plaintiff. ECF No. 11 at 8. But the ALJ is not required to reject medical opinions merely because they come from non-examining psychologists. *See Woods*, 32 F.4th at 787. Because the ALJ's decision to credit the opinions of Dr. Moore and Dr. Eather is supported by substantial evidence, the Court will affirm it. *See Sprague*, 812 F.2d at 1229–30.

### (2) Plaintiff's Subjective Symptom Testimony

Plaintiff contends the ALJ erred by rejecting his subjective symptom testimony. ECF No. 11 at 9–13.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the

ORDER - 7

claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Plaintiff claimed that he could not work because of chronic depression, suicidal ideation, post traumatic stress disorder, agoraphobia, anxiety, panic attacks, poor memory, and confusion. Tr. 17. The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms. However, the ALJ also found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the evidence in the record. Tr. 18–21.

More specifically, the ALJ found the objective medical evidence was not consistent with Plaintiff's claims. *Id.* After first presenting to the ER in October 2019 with suicidal thoughts, Plaintiff's condition became less severe. *Id.* He later denied any suicidal ideation. Tr. 19–20, 377, 391–94, 515–16, 520–21, 600. Plaintiff also reported improvement with medication. Tr. 18, 43. His memory appeared intact during mental status examinations, Tr. 20, 326, 388, 393, 405, 411, 416, 601, 608, despite his claims of memory loss, Tr. 20, 48. And, since 2020, the results of Plaintiff's mental status examinations have been mostly normal in other respects too. Tr. 19–20, 441, 483, 513–18, 570.

Plaintiff argues first that the ALJ erred in discrediting Plaintiff's subjective symptom testimony because the ALJ misconstrued Mr. Marendiuk's opinion. ECF No. 11 at 9. But, as explained above, the Court affirms the ALJ's interpretation of Mr. Marendiuk's opinion.

Second, Plaintiff argues that the objective medical evidence supports his claims and that the ALJ erred by finding otherwise. *Id.* at 9–13. But because the ALJ's assessment is supported by substantial evidence in the record, the Court will not second guess it. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). It is not error for the ALJ to reject claims that do not comport with the objective evidence. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). Likewise, evidence of improvement with treatment was a clear and convincing reason for the ALJ to find Plaintiff's symptoms were not as severe as claimed. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

Third, Plaintiff argues it was error for the ALJ to reject Plaintiff's testimony about the severity of his symptoms solely because the objective medical evidence did not support it. ECF No. 11 at 10. However, that was not the only reason the ALJ gave for limiting the weight of Plaintiff's testimony. Tr. 18–21. The ALJ also found Plaintiff's symptoms were not as severe as claimed because Plaintiff's activities were inconsistent with his testimony, Tr. 20–21, and because Plaintiff's most severe symptoms were caused by situational stressors, Tr. 18–20. These can be proper bases for rejecting symptom claims. *See Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022); *Chesler v. Colvin*, 649 F. App'x 631, 632 (9th Cir. 2016). Plaintiff does not explain why it was error to reject his symptom claims for these reasons. *See* ECF No. 11 at 9–13; ECF No. 15 at 8–10. Instead, Plaintiff argues the ALJ did not actually discount his symptom claims for these reasons. *See* ECF No. 15 at 10. But the Court disagrees. Yes, the ALJ rejected Plaintiff's symptom claims in part because they were inconsistent with objective evidence and medical opinions in the record. Tr. 18–21. But the ALJ also rejected Plaintiff's symptom claims in part because his symptoms were caused by situational stressors and in part because Plaintiff's testimony was inconsistent with his activities. *Id.*

### (3) RFC

Finally, Plaintiff argues the ALJ erred because the RFC is based on the ALJ's improper rejection of Plaintiff's symptom testimony and misinterpretation of Mr. Marendiuk's opinion. ECF No. 11 at 13–14. This argument fails because, as explained above, the ALJ did not err in rejecting Plaintiff's symptom testimony or in her interpretation of Mr. Marendiuk's opinion.

### CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of error. The Court has reviewed the briefs and the file and is fully informed Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed January 23, 2023, **ECF No. 11**, is **DENIED**.

ORDER - 9

2.  Defendant's Brief, filed March 6, 2023, **ECF No. 14**, is **GRANTED**.

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** this 12th day of July, 2023.

07-07-23

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 10